

**ORIGINAL**

**FILED**

07/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0011

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### PR 20-0011

STATE OF MONTANA,

Plaintiff,

vs.

MICHAEL JAY MURPHY,

Defendant.

**FILED**

JUL 06 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Defendant Michael Jay Murphy, via counsel, filed a Motion to Disqualify and Request to Recuse and an affidavit in support to disqualify the Honorable John W. Parker from presiding in Cause No. DDC-20-122 in the Eighth Judicial District Court, Cascade County, pursuant to §§ 3-1-803, and 3-1-805, MCA, and M. C. Jud. Cond. 2.12(A)(1), (5). This Court found it appropriate to request a response from Judge Parker, and Judge Parker filed his response in opposition to Murphy's motion on July 2, 2020.

Murphy alleges that Judge Parker should be recused or disqualified from this matter because Judge Parker personally prosecuted Murphy in two previous cases and personally appeared at substantive hearings in DDC-05-0459 and BDC-05-407 when he served as Cascade County Deputy County Attorney. Murphy alleges that the appearance of Judge Parker's impartiality can be questioned and that he believes he cannot get a fair trial or, if convicted, sentencing hearing in the current matter because of knowledge and interest Judge Parker gained as a prosecutor against him.

In response, Judge Parker acknowledged that he stood in for the lead prosecutor during several hearings involving Murphy's previous criminal matters. However, he maintains that he has no personal knowledge or recollection of doing so and that he has no personal knowledge or recollection of Murphy's earlier cases. Judge Parker further asserts that he has recused himself on numerous cases to eliminate any possible conflict of interest on matters

he may have prosecuted or supervised as a former Cascade County Attorney and Deputy County Attorney. He further asserts that it is his practice to disclose knowledge of and social ties with parties, even in cases that would not require recusal, out of fairness to the parties. Judge Parker asserts that in the present case, no such knowledge or ties exist that would require recusal.

Section 3-1-803, MCA, provides in part that a judge must not sit in an action when he has been attorney or counsel in the action or proceeding for any party. In this case, Judge Parker has not been attorney or counsel for the State in the action or proceeding.

Section 3-1-805, MCA, provides that an affidavit for disqualification for cause must allege facts showing personal bias or prejudice of the presiding judge. Section 3-1-805(1)(c), MCA, provides in part that any affidavit which does not allege facts showing personal bias or prejudice may be set aside as void. In this instance, the submitted affidavit does not demonstrate personal bias or prejudice. As a result, it is unnecessary to appoint a district judge to hear this matter.

Furthermore, Judge Parker has not violated M. C. Jud. Cond. 2.12(A)(1) because he has no personal knowledge of the facts in dispute in this proceeding, and he has not violated M. C. Jud. Cond. 2.12(A)(5) because he did not serve as a lawyer in this matter, nor is he associated with such, nor did he participate personally and substantially as a lawyer in this proceeding.

IT IS THEREFORE ORDERED that the motion to disqualify District Judge John W. Parker from Cascade County Cause No. Cause No. DDC-20-122 is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record in Cause No. DDC-20-122 and to the Honorable John W. Parker.

DATED this 6th day of July, 2020.

_____
Chief Justice

2